IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WAYNE REDDICK,

    Plaintiff,

vs.                       CIVIL ACTION NO. CV605-002

Lt. HENRY WIMBERLY; CO II DERRIEL
FUTCH; CO II ANTHONY BYRD;
CO II DEXTEY TAYLOR; CO II TERRY
MOYE; Sgt. BOYETTE; Officer
HITCHCOCK; Officer DIXION;
VISOL SMITH; Dr. JONES, and
Lt. VALIDAINE JACKSON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting events which have allegedly occurred during his confinement. Plaintiff has filed a plethora of motions with the Court. Presently before the Court are a "Motion To Add *Defendants*" (Dkt. No. 20) and a "Motion To Add *Defendant*" (Dkt. No. 45). For the following reasons, Plaintiff's motions should be **DENIED** in part.

In his "Motion To Add Defendants," Plaintiff alleges that on July 20, 2004, Officer Anderson assaulted him. Plaintiff further alleges that Officer Owens witnessed the assault and failed to intervene. Next, Plaintiff contends that on November 28, 2004, Officer Evans failed to provide him with breakfast. Plaintiff asserts that he notified Sgt. Jackson that he did not receive breakfast, however, Jackson "did nothing." (Dkt. No. 20, p. 1.) On

AO 72A
(Rev. 8/82)

December 18, 2004, Plaintiff contends that Officer Darneatha Gilliard refused to give him a dinner tray. Finally, on April 9, 2005, Plaintiff alleges that Officer Baynes would not allow him phone privileges.

A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or serious of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). "In determining what constitutes a transaction or occurrence for purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000). As recognized by the Eleventh Circuit Court of Appeals in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (per curiam). A review of the record reveals that the above stated allegations against Officer Anderson, Officer Owens, Officer Evans, Sgt. Jackson, Officer Darneatha Gilliard, and Officer Baynes are unrelated to the claims upon which the undersigned directed service in an Order dated March 14, 2005.

Plaintiff has named Lt. Validaine Jackson as a Defendant. Claims against a state official in his or her official capacity are barred by the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-02, 104 S. Ct. 900, 908-09, 79 L. Ed.2d 67 (1984). Plaintiff's allegations against Lt. Validaine Jackson in her official capacity are not cognizable under § 1983.

2

Because the claims are unrelated, it is my **RECOMMENDATION** that Plaintiff's claims against Officer Anderson, Officer Owens, Officer Evans, Sgt. Jackson, Officer Darneatha Gilliard, and Officer Baynes be **DISMISSED**, without prejudice. It is my **FURTHER RECOMMENDATION** that Plaintiff's claims against Validaine Jackson in her official capacity be **DISMISSED**.

Plaintiff's cognizable claims are addressed in an Order of even date.

So **REPORTED** and **RECOMMENDED**, this 21st day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)