IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WAYNE REDDICK,

    Plaintiff,

vs.

Lt. HENRY WIMBERLY; CO II DERRIEL
FUTCH; CO II ANTHONY BYRD; CO II
DEXTEY TAYLOR; CO II TERRY MOYE;
Sgt. BOYETTE; Officer HITCHCOCK;
Officer DIXION; VISOL SMITH,
and Lt. VALDERINE JACKSON,

    Defendants.

CIVIL ACTION NO. CV605-002

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants[1] Wimberly, Taylor, Boyette, Hitchcock, Dixion, Smith, Moye, Futch, Byrd, and Jackson ("Defendants") filed a Motion for Summary Judgment. Plaintiff filed a Response. For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants Futch, Byrd, Taylor, Moye, and Wimberly rammed his body into the wall, beat him with their hands and handcuffs, and kicked him in the chest and stomach. Plaintiff contends that Defendants Smith and Jackson witnessed him being assaulted and failed to intervene. Plaintiff contends that Defendants Hitchcock, Dixion,

---

[1] "FNUK" Snyder also joined in this Motion for Summary Judgment, but Snyder was dismissed as a named Defendant by Order dated May 16, 2005. (Doc. No. 43.)

AO 72A
(Rev. 8/82)

and Boyette prevented him from receiving medical treatment several months after he was allegedly assaulted.

Defendants assert that Plaintiff acknowledged in his Complaint that he failed to exhaust his administrative remedies regarding the claims he set forth in his Complaint. Defendants contend that Plaintiff's claims are barred by the Prison Litigation Reform Act.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett,

2

477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

### DISCUSSION AND CITATION OF AUTHORITY

Defendants assert that Georgia State Prison, like all facilities within the Georgia Department of Corrections, has a grievance procedure in place which is widely available to inmates. Defendants allege that inmates are required to file grievances within five (5) days of the grieved event in order for the grievance to be considered timely filed. Defendants also allege that Plaintiff admits in his Complaint that there is a grievance procedure in place at Georgia State Prison, but he failed to utilize this procedure. Defendants further allege that the reason Plaintiff provided as to why he did not utilize this procedure was because, "There is a 5 day limit for grievances. I could not get a grievance within the 5 day dead line." (Compl., p. 4.)

Plaintiff asserts that he was not given a grievance form because the counselor never came to the dorm where he was housed and that the counselor is "a drunk [who] never does his job." (Doc. No. 147.) Plaintiff also asserts that Defendants conspired together to prevent him from filing a grievance, which essentially left him with no available administrative remedies.

3

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Plaintiff admitted in his Complaint that he did not utilize the grievance procedure because he could not get a grievance within the five (5) day time limit. (Compl., p. 4.) Defendants have identified the portion of the record which establishes that there is no genuine issue of material fact. See Hickson, 357 F.3d at 1260. Plaintiff had as an available administrative remedy the option of requesting permission to file an out-of-time grievance, and he did not do so. Additionally, Plaintiff filed several pleadings in opposition to Defendants' Motion for Summary Judgment; however, these documents and the

4

AO 72A
(Rev. 8/82)

contentions contained therein do not assist Plaintiff in overcoming his burden to create a genuine issue of material fact as to whether he exhausted his administrative remedies prior to filing his Complaint. The contentions Plaintiff sets forth in his pleadings in response to Defendants' assertion that he failed to exhaust his administrative remedies prior to filing his Complaint are not supported properly for purposes of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Wimberly, Taylor, Boyette, Hitchcock, Dixion, Smith, Moye, Futch, Byrd, and Jackson (Doc. No. 146) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)