UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WAYNE REDDICK,

    Plaintiff,

v.

605CV002

Lt. HENRY WIMBERLY, *et al.*,

    Defendants.

## ORDER

This Court dismissed 42 U.S.C. § 1983 inmate/plaintiff Wayne Reddick's excessive-force/failure to protect/medical care case on exhaustion grounds. Doc. # 168. Reddick appealed (doc. # 174) and moved for a variety of things, *see, e.g.*, doc. ## 180, 181, 182, 186, 187 (motions *in limine*), including a Certificate of Appealability (doc. # 175, mislabeled as a "Motion for a Certificate of Probable Cause"), which the Court denied. Doc. # 189.

The Court dismissed Reddick's case because he failed to timely exhaust his prison's grievance procedure. He complained that the 5-day period for grieving his claims was too short, but he did not rebut evidence showing that he *failed* to request an extension:

> Plaintiff admitted in his Complaint that he did not utilize the grievance procedure because he could not get a grievance within the five (5) day time limit . (Compl, p. 4.) Defendants have identified the portion of the record which establishes that there is no genuine issue of material fact. Plaintiff had as an available administrative remedy the option of requesting permission to file an out-of-time grievance, and he did *not* do so.

Doc. # 163 at 5 (Magistrate Judge's Report and Recommendation) (emphasis added), *adopted*, doc. # 168.

In his opposition filings, ## 165, 170, 173, 179, Reddick cited no rebuttal, only extraneous asides about how prison officials allegedly interfered with his filings with *this* Court (doc. # 165) -- something that has nothing to do with his duty, as illuminated in *Priester v. Rich*, 457 F.Supp.2d 1369, 1372-73 (S.D.Ga. 2006), to advance (exhaust) his claims *within* his prison. The Court also denied all of Reddick's other motions in light of his appeal.

Since that time, Reddick has continued to file frivolous motions and filings with this Court. *See* doc. # 190 (Motion in Limine); # 191 (Motion in Limine); and # 192 (Statement of Claims against judges of this Court and Motion to Show Cause). These motions are **DENIED**, and plaintiff is reminded that his case is now on appeal. Hence, further filings that are not aimed at assisting the appeal (*e.g.*, a motion to supplement the record with omitted material), and (as is the case here) are frivolous may fetch sanctions. *See, e.g., Barber v. U.S. Attorney General*, 458 F.Supp.2d 1378 (S.D.Ga.2006).

This __9__ day of July, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL -9 AM 9: 24

CLERK _____
SO. DIST. OF GA.